```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

WAYNE D. BETTS,               )
                              )
        Plaintiff             )
                              )         No. 3:12-1283
v.                            )         Judge Campbell/Brown
                              )
VANDERBILT UNIVERSITY         )
MEDICAL CENTER,               )
                              )
        Defendant             )
```

**TO:  THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

For the reasons below the Magistrate Judge recommends that the Defendant's motion for summary judgment (Docket Entry 40) be GRANTED and this case dismissed with prejudice.

## BACKGROUND

The Plaintiff, acting *pro se* at all times in this matter, filed a complaint against Defendant on December 7, 2012 (Docket Entry 1) in *forma pauperis*. He subsequently filed a first amended complaint (Docket Entry 6). The Court allowed the Plaintiff's case to proceed in *forma pauperis* on the first amended complaint, finding that although the Plaintiff may or may not be able to prove that he was subject to unlawful discrimination, at the initial stage in the proceedings the Plaintiff stated claims for discrimination under Title VII and Age Discrimination Employment Act (ADEA) that were not facially frivolous or malicious (Docket Entry 7). The matter was

referred to the under signed for case management and a report and recommendation as to any dispositive matter (Docket Entry 7).

A case management conference was scheduled in this matter for March 8, 2013 (Docket Entry 15). Unfortunately, the Plaintiff did not attend the hearing and the undersigned issued an order for the Plaintiff to show cause why his case should not be dismissed for failure to obey Court orders and prosecute (Docket Entry 18).

The Plaintiff responded, saying that he failed to respond to a certified letter because company staying at his house signed for the letter and just left somewhere in the house. He said that he did not see the court date until it was too late (Docket Entry 25).

The case management conference was rescheduled and I noted that the Plaintiff's explanation was not completely consistent with the record inasmuch as the certified mail setting the date for the first case management conference was returned as unclaimed. It appears that the misplaced letter was actually regular mail sent to the Plaintiff and that he failed to pick up his certified mail. The Plaintiff was notified that failure to pick up mail and to obey Court orders in the future could result in the dismissal of his case.

The initial case management order was entered April 29, 2013 (Docket Entry 29). In this order in paragraph 8 deadlines were set for the filing of dispositive motions and the Plaintiff was specifically warned that dispositive motions must be responded to as scheduled unless the Plaintiff was granted an extension by the

2

Court. He was further warned that failure to respond timely could result in the Court taking the facts alleged in the matter as true and granting the relief requested. Plaintiff was told that he could not just rely on his complaint, he must show that there was a dispute of material facts with citations of the record, affidavits, or other matters of evidence, and that he should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

The Defendant timely filed a motion for summary judgment (Docket Entry 40), on November 4, 2013 supported by memorandum of law (Docket Entry 41), five affidavits from employees of Vanderbilt University Medical Center concerning various aspects of the case (Docket Entry 42 through 46), and a statement of undisputed material facts (Docket Entry 47). Under the scheduling order the Plaintiff had 28 days to respond to the motion for summary judgment. As of the date of this report and recommendation the Plaintiff has filed no response to the motion nor to the statement of uncontested material facts.

The Defendant's memorandum set forth a statement of facts in this case (Docket Entry 41, pp. 2 through 8), which the Magistrate Judge has reviewed and finds accurate. The Plaintiff has alleged that he is an African-American over the age of 50. He alleged that on or about December 2010 he made a complaint through the Vanderbilt Equal Opportunity Affirmative Action and Disabilities Services office alleging that he had been discriminated against on the basis of race and/or age, by not being given a specified

3

promotion. He received the desired promotion as a result of his complaint.

He then alleges that on July 25, 2011, he was placed on a 90 day probationary status at the reminder level of Performance Improvement Counseling (PIC) because Defendant claimed the Plaintiff made a mistake when loading carts for surgical procedures. The Plaintiff alleged that he did not make this mistake and claimed that he was not afforded due process or the ability to contest the disciplinary action and has not been given the same level of training opportunities as other employees. He alleged that the reason for this action was racial discrimination.

Subsequently, at a meeting held on August 3, 2011, for the purpose of resolving the dispute, he contended he should not have been subject to any disciplinary action. He pointed out to his supervisor that the cart-stocking error was likely caused by a different employee and bad higher management practices. Following this meeting on August 10, 2011, the Plaintiff filed a complaint with the EEOC charging racial discrimination in violation of Title VII and age discrimination in violation of the ADEA. On August 12, 2011, the Plaintiff's supervisors agreed to rescind the July 2011 PIC and remove it from his file. The Plaintiff contended that even having the PIC in his file at the reminder level limited his ability to be promoted to other jobs or transferred to other jobs within the Defendant hospital.

Subsequently, on January 26, 2012, the Plaintiff filed a second EEOC complain alleging retaliation based on filing the previous discrimination charge. He contended that he requested promotions or transfers to other open jobs, but that all of his requests were denied. He alleged that the failure to promote or transfer him was an act of retaliation because he made the charge of racial and age discrimination in August 2011.

**LEGAL DISCUSSION**

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Adams v. Rockafellow,* 66 Fed.Appx. 584 (6th Cir. 2003) (citing Fed. R. Civ. P. 56(c); *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).) "If either party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Id. (*citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).) "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe,* 8 F.3d at 378.) "The mere existence of a scintilla of evidence to support Plaintiff's position would be insufficient; there must be

5

evidence upon which the jury can reasonably find for the Plaintiff."
*Id.* (citing *Anderson,* 477 U.S. at 252, 106 S. Ct. 2505.)

Unfortunately, in this case the Plaintiff has provided nothing in support of his case beyond his unverified complaint. Despite a specific warning about the need to respond to a summary judgment motion and the consequence for failing to respond to the motion or to a statement of uncontested material facts, the Plaintiff filed no response.

Despite the failure to respond, the Magistrate Judge must nevertheless review the motion for summary judgment to insure that it has a basis in law and fact. However, the Magistrate Judge can take the Defendant's statement of uncontested material facts as accurate unless it appears that there is no support for them in the record. (LR 56.01(g))

The Magistrate Judge has reviewed the statements by the Defendant and finds they are supported by the record.

The Magistrate Judge has also reviewed the legal argument made by Defendant and the memorandum and finds that their legal arguments are well-taken.

The Plaintiff has not come forward with evidence of either age or racial discrimination to support his claims or to rebut Defendant's explanation for the actions they took in this matter. Regardless of the Plaintiff's belief that age, race, or the filing of complaints constituted a violation of the law, the Plaintiff must come forth with some facts to support these conclusions and to rebut

6

Defendant's explanation of their activities. In short, as the Defendant points out in their memorandum, the Plaintiff has failed to do so. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The record does not establish that the Plaintiff suffered an adverse employment action in this case. While the Plaintiff wanted the duty of pulling surgical instruments, rather than pulling supplies, he has not shown that Defendant's decision to assign these two functions to all of the supply technicians, rather than give it to him was based on race, age, or in retaliation for complaints by the Plaintiff. The Defendant's memorandum clearly deals with each of the Plaintiff's complaints and the Magistrate Judge does not find it necessary to repeat their arguments inasmuch as he agrees with them.

The Plaintiff does allege that he applied for some 53 jobs and that Defendant retaliated against him by failing to offer him any of the positions for which he had applied.

Unfortunately, the Plaintiff provided no details about the positions, when they were offered, what they were for, or what his qualifications for them were. He has also failed to show that any of the decision-makers for any of these undescribed positions had any knowledge of the Plaintiff's complaints of discrimination or retaliation.

The Plaintiff's complaint in this area consists of a pure legal conclusions unsupported by facts. At the initial screening level the Plaintiff was given the benefit of the doubt as to the sufficiency of his complaint. Now that the case is at the summary

7

judgment stage the Plaintiff must come forward with some facts beyond mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). He must produce some evidence to show that the Defendant's explanations are pretext for unlawful discrimination. *McDonnell-Douglas Corp v. Green* 411 U.S. 792, 802-03 (1973). Unfortunately for his case he has failed to do that.

## RECOMMENDATION

For the reasons stated above the Magistrate Judge recommends that the motion for summary judgment (Docket Entry 40) be GRANTED and this case dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 6th day of January, 2014.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge